IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR - 2 2014

**CLERK, U.S. DISTRICT COURT**
By_____
              Deputy

ANTHONY DESHAWN THOMAS,           §
                                  §
          Plaintiff,              §
                                  §
                                  §
VS.                               §   NO. 4:14-CV-009-A
                                  §
DR. JOHN MILLS, M.D.,  ET AL.,    §
                                  §
          Defendants.             §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is a complaint filed
in the above action by plaintiff, Anthony Deshawn Thomas, naming
as defendants John Mills ("Mills"), M.D., Medical Director, and
D. Peyton ("Peyton"), LVN, both of John Peter Smith Hospital-
Correctional Healthcare.[1] Mills and Peyton are sued both in
their individual and official capacities.  Official capacity
suits "generally represent only another way of pleading an action
against an entity of which an officer is an agent."  Kentucky v.
Graham, 473 U.S. 159, 165 (1985) (citation omitted).  Thus, the
court is considering the action against Mills and Peyton in their
official capacities as asserting claims against John Peter Smith

---

[1]Subsequent to filing his complaint, plaintiff filed a motion titled "Motion to Admit Medical Records into Evidence."  Although the introduction of evidence into the record is premature at this point, the court is granting the motion and considering the papers attached thereto as exhibits to the complaint.

Hospital ("Hospital"), and is substituting Hospital as a party as to such claims.

I.

## Plaintiff's Complaint

Plaintiff's claims arise from events that occurred while he was incarcerated at the Tarrant County Jail from February 8, 2013, through July 8, 2013.  The complaint alleged the following:

Plaintiff was incarcerated in the Tarrant County Jail beginning February 8, 2013, where he remained until his transfer on July 8, 2013, to a unit of the Texas Department of Criminal Justice.  Upon his arrest and transport to the jail, plaintiff took with him his continuous positive airway pressure ("CPAP") machine and mask.  Plaintiff has used the CPAP machine for fifteen years to treat his obstructive sleep apnea.  For a few days after his arrest, during the intake process at the jail, plaintiff did not have possession or use of the machine.

After a few days, the machine was returned to plaintiff. When he attempted to use it, he realized the mask was broken.[2] Over the course of the five months that plaintiff was incarcerated at the jail, he made at least ten requests, verbally

---

[2]It is unclear exactly what was broken.  The complaint alleged that the mask was broken, and that the mask needed a new strap to hold it in place.  The complaint does not allege that anyone at the jail was responsible for breaking the mask.

and in writing, to Mills and Peyton to "obtain a replacement mask
and parts," Compl. at 4-A-2, including making requests for water,
a filter, and a new headband for the CPAP mask.  In response,
Mills and Peyton informed plaintiff that "medical does not
provide supplies" for CPAP machines.  Id. at 4-A-7.  Instead,
plaintiff was directed to have his family members bring the
supplies and place them with his property at the jail.  However,
plaintiff maintained that his family members were not
sufficiently dependable or reliable to bring him supplies, and
that he had no money to purchase the supplies.

Plaintiff asserted claims against Mills, Peyton, and
Hospital for deliberate indifference to his medical needs under
42 U.S.C. § 1983, and for violation of the Americans with
Disabilities Act ("ADA") and Rehabilitation Act ("RA").

II.

Evaluation of the Complaint Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials,
plaintiff's complaint is subject to preliminary screening under 28
U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th
Cir. 1998).  Section 1915A(b)(1) provides for sua sponte dismissal
if the court finds that the complaint is either frivolous or
fails to state a claim upon which relief may be granted.  A claim
is frivolous if it "lacks an arguable basis in either fact or

3

law." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A
complaint fails to state a claim upon which relief can be granted
when, assuming that all the allegations in the complaint are true
even if doubtful in fact, such allegations fail to raise a right
to relief above the speculative level.  <u>Bell Atl. Corp. v.
Twombly</u>, 550 U.S. 544, 555 (2007).

    In evaluating whether the complaint states a valid claim for
relief, the court construes the allegations of the complaint
favorably to the pleader.  <u>Warth v. Seldin</u>, 422 U.S. 490, 501
(1975).  However, the court does not accept conclusory
allegations or unwarranted deductions of fact as true, and a
plaintiff must provide more than labels and conclusions or a
formulaic recitation of the elements of a cause of action.
<u>Twombly</u>, 550 U.S. at 555; <u>Tuchman v. DSC Commc'ns Corp.</u>, 14 F.3d
1061, 1067 (5th Cir. 1994).

    Having now considered the allegations in the complaint, the
court concludes that it should be dismissed in its entirety under
the provisions of 28 U.S.C. § 1915A.

III.

<u>Analysis</u>

A.   <u>Deliberate Indifference Under 42 U.S.C. § 1983</u>

    The "unnecessary and wanton infliction of pain . . .
constitutes cruel and unusual punishment forbidden by the Eighth

4

Amendment." <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (ellipses in original)(internal citation and quotation marks omitted).  The Supreme Court has determined that deliberate indifference to a prisoner's serious medical needs may constitute the "unnecessary and wanton infliction of pain" necessary to state an Eighth Amendment violation.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). However, not every claim by a prisoner that he received inadequate medical care states an Eighth Amendment violation. <u>Id.</u> at 104-105.

For a prison official's deliberate indifference to a prisoner's serious medical needs to rise to the level of a constitutional violation, a prisoner must establish that the official knew of and disregarded an excessive risk to a prisoner's health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id.</u> An official's "failure to alleviate a significant risk that he should have perceived but did not" does not constitute an Eighth Amendment violation.  <u>Id.</u> at 838.  Unsuccessful medical care, negligent treatment, or medical malpractice do not rise to the level of a constitutional tort.  <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006).  Disagreement between a prisoner and

his doctor regarding the course of treatment is generally not actionable. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) (per curiam). "Deliberate indifference is an extremely high standard to meet." Gobert, 463 F.3d at 346 (internal quotation marks and citation omitted).

1. Application of Law to Claims Against Mills and Peyton

The complaint failed to allege sufficient facts against Mills and Peyton to state a claim for deliberate indifference to plaintiff's medical needs. The complaint made clear that Peyton and Mills did not disregard plaintiff's need for the CPAP machine. At most, the complaint alleged that Mills and Peyton refused to finance replacement parts for plaintiff's personal equipment. Absent from the complaint, however, is any allegation that Mills and Peyton ever refused or denied plaintiff access to, or use of, his CPAP machine. As the complaint stated, the CPAP machine is plaintiff's personal property, which he brought with him upon his arrest and booking into the Tarrant County Jail.[3] Plaintiff admitted he was repeatedly told he could make arrangements for family members to provide the replacement parts for his CPAP machine so he could use the machine in the jail.

---

[3]It is also possible, if not likely, that the mask for plaintiff's CPAP machine was not working at the time of plaintiff's initial arrest and incarceration. Plaintiff alleged that he had the machine with him when he was arrested and taken to the jail, and that it was returned to him in his cell after just a few days. No allegation is made in the complaint that anyone at the jail was responsible for the broken mask.

That plaintiff believed his family members were not dependable or were too irresponsible to bring him the needed supplies does not amount to deliberate indifference by Mills and Peyton. See, e.g., Cooper v. Hung, 485 F. App'x 680, 684 (5th Cir. 2012) (per curiam) (affirming dismissal of prisoner's complaint of deliberate indifference to medical needs where prison refused to provide medical equipment plaintiff used prior to incarceration).

Nor does the complaint allege facts to show that plaintiff suffered any physical injury as a result of Mills's and Peyton's actions. The complaint alleged only that plaintiff suffered non-specific pain,[4] "mental anguish, fear and depression," Compl. at 4-A-7, but no actual harm. Under the circumstances described in the complaint, plaintiff cannot establish that Mills and Peyton were deliberately indifferent to his medical needs. See Washington v. Thomas, No. 00-20981, 2001 WL 822443 (5th Cir. June 18, 2001) (per curiam) (affirming dismissal for failure to state a claim for relief of prisoner's § 1983 action alleging defendants were deliberately indifferent to his medical needs by failing to provide him a CPAP machine).

2.   Claims Against Hospital

As noted, plaintiff's claims against Peyton and Mills in

---

[4]No facts are alleged in the complaint describing plaintiff's pain; however, it is not attributed to any physical injury.

their official capacities are claims against Hospital.  A
governmental entity, such as Hospital, can be subjected to
monetary damages or injunctive relief only if one of its official
policies caused a person to be deprived of a federally protected
right.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).
Hospital cannot be held liable under a theory of respondeat
superior or vicarious liability.  <u>Id.</u>

The Fifth Circuit has been explicit in its definition of an
"official policy" that can lead to liability on the part of a
governmental entity, giving the following explanation in an
opinion issued <u>en banc</u> in response to a motion for rehearing in
<u>Bennett v. City of Slidell</u>:

> 1. A policy statement, ordinance, regulation, or
> decision that is officially adopted and promulgated by
> the municipality's lawmaking officers or by an official
> to whom the lawmakers have delegated policy-making
> authority; or
>
> 2. A persistent, widespread practice of city officials
> or employees, which, although not authorized by
> officially adopted and promulgated policy, is so common
> and well settled as to constitute a custom that fairly
> represents municipal policy. Actual or constructive
> knowledge of such custom must be attributable to the
> governing body of the municipality or to an official to
> whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do
> not render the municipality liable under § 1983 unless
> they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

It is unclear under which definition of "official policy" plaintiff is attempting to impose liability on Hospital.  The only reference in the complaint to any "policy" is the following notation Peyton wrote in response to one of plaintiff's grievances: "Medical does not provide supplies (filter, mask, headband) for <u>CPAP</u> machines.  Your family may bring these supplies to you & place in Property."  Compl., Ex. B-2.

Although plaintiff referred to this statement as Hospital's "policy," there is no indication that this statement reflects anything other than Peyton's own response to plaintiff's grievance.  No facts are alleged to support a conclusion that Peyton and Mills acted pursuant to an official policy under either of the definitions of that term set forth in <u>Spiller</u>: nothing is alleged to indicate that Peyton's response represents a "policy statement, . . . regulation, or decision that is officially adopted and promulgated" by Hospital's policymakers, nor do any facts show that Peyton's response represents a "persistent, widespread practice" that is "so common and well settled as to constitute a custom that fairly represents" Hospital policy, or that any part of Hospital's governing body had either actual or constructive knowledge of the purported policy.  <u>See</u> <u>Spiller</u>, 735 F.2d at 862.  Nor does the complaint allege the existence of a policymaker, a requirement to establish

Hospital's liability under § 1983.  Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).  In short, nothing is alleged in the complaint as would support a finding of liability against Hospital under § 1983.

To sum up the court's conclusions concerning plaintiff's claim pursuant to § 1983, plaintiff has failed to allege any facts as would show the defendants refused to treat him, ignored his complaints, or intentionally treated him incorrectly.  None of the complaint's allegations meets the "high standard" required to show defendants were deliberately indifferent to plaintiff's medical needs.  Therefore, plaintiff has failed to allege a violation of his constitutional rights as required to state a claim under § 1983, and that claim is dismissed as to all defendants.

B.    ADA and RA Claims[5]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. §

---

[5]The Fifth Circuit has held that, inasmuch as the rights and remedies under the ADA and the RA are the same, case law interpreting one statute can be applied to interpreting the other. Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 287–88 (5th Cir. 2005).  Accordingly, the court is combining its analysis of plaintiff's claims under the ADA and RA.

12132.  Similarly, the RA prohibits discrimination against
individuals with disabilities in institutions receiving federal
funds.  29 U.S.C. § 794(a).  As an initial matter, plaintiff may
not assert an ADA or RA claim against Mills and Peyton in their
individual capacities.  Only the public entity is amenable to
suit under either statute.  Nottingham v. Richardson, 499 F.
App'x 368, 376 n.6 (5th Cir. 2012).  Hence, the court is
considering the ADA and RA claims only against Hospital.

To state a claim for relief under Title II of the ADA
requires plaintiff to allege that: (1) he has a qualified
disability; (2) the public entity has denied him the benefits of
the services, programs, or activities for which it is
responsible, or it has otherwise discriminated against him; and,
(3) the discrimination is "by reason of" his disability.  Hale v.
King, 642 F.3d 492, 499 (5th Cir. 2011) (per curiam).

For purposes of evaluating the complaint under § 1915A, the
court will assume that plaintiff's sleep apnea is a "qualified
disability."  Nevertheless, plaintiff still has failed to state a
claim for relief under the ADA or RA.

The basis of these claims is that Hospital failed or refused
to provide plaintiff a replacement mask and filter for his CPAP
machine.  Plaintiff does not allege that Hospital refused to
provide the mask because of his disability.  Rather, he contends

11

he was repeatedly told his family could bring the mask to him at the jail.  No allegation is made that Hospital attempted to obstruct or prevent plaintiff's family members from doing so.

Nor does plaintiff allege that he was denied access to the benefits of the services, programs, or activities provided by Hospital, or that Hospital took any actions against him, because of his disability.  Under these circumstances, plaintiff has failed to state a claim for relief under the ADA or RA.  See Hay v. Thaler, 470 F. App'x 411, 418 (5th Cir. 2012) (per curiam).

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff, Anthony Deshawn Thomas, against defendants, Mills, Peyton, and Hospital, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. 1915A(b).

SIGNED April 2, 2014.

JOHN MCBRYDE
United States District Judge

12