IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY DESHAWN THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-009-A |
| | § | |
| DR. JOHN MILLS, M.D., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Dr. John Mills, Debra Peyton, LVN, and Tarrant County Hospital District, for summary judgment. Plaintiff, Anthony Deshawn Thomas, has failed to respond to the motion even though he was granted an extension of time, and has had ample time, in which to do so. The court, having considered the motion, the summary judgment evidence, the record, and applicable authorities, finds that the motion should be granted.

Defendants filed their motion for summary judgment on October 23, 2015. In addition, defendant Mills filed a motion to dismiss on October 21, 2015. Rather than respond to the motions, plaintiff filed a motion for temporary restraining order, complaining that his legal materials had been confiscated, interfering with his ability to respond to the motions. By order signed November 16, 2015, the court ordered that the motions be held in abeyance pending a ruling on the motion for temporary

restraining order. The court ordered that defendants respond to plaintiff's allegations regarding interference and gave plaintiff an opportunity to reply. Defendants responded to the court's November 16 order, but plaintiff did not reply. Instead, he filed a motion for extension of time in which to respond to the motions. The court denied the motion for temporary restraining order. The court granted plaintiff's motion for extension of time to respond to the motions to dismiss and for summary judgment, giving him until December 31, 2015, to respond. To date, plaintiff has not filed any response to the motions.

On December 9, 2015, plaintiff filed a motion to reconsider appointment of counsel due to his poor eyesight and that a prior litigation assistant had stopped helping him. Having considered defendants' response to the motion and applicable authorities, the court finds that the request for appointment of counsel should be denied. Responding to the pending motion for summary judgment does not require any special skill. Plaintiff knows whether he exhausted his administrative remedies and could easily have stated the facts in support of his position had he chosen to do so. Plaintiff has repeatedly shown that he is able to effectively communicate with the court. Exceptional circumstances do not exist and appointment of counsel here would not advance

2

the proper administration of justice. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982).

The summary judgment evidence establishes that plaintiff did not exhaust his administrative remedies while confined in the Tarrant County jail. One of the documents submitted by plaintiff in support of his complaint confirms his failure to exhaust remedies. Doc. 1[1] at 54 (letter from Texas Commission on Jail Standards in response to plaintiff's complaint after he was transferred from Tarrant County Jail noting his failure to exhaust).

The law applicable to lawsuits brought by prisoners requires that no action be brought until administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Exhaustion of remedies before filing suit is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Unexhausted claims cannot be pursued. <u>Gonzalez v. Seal</u>, 702 F.3d 785, 788 (5th Cir. 2012). Accordingly, the court is granting defendants' motion for summary judgment and dismissing plaintiff's claims.[2]

---

[1] The "Doc." reference is to the number assigned the document on the court's docket in this action.

[2] The court need not consider the motion to dismiss.

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed for want of exhaustion. The court further ORDERS that plaintiff's motion to reconsider appointment of counsel be, and is hereby, denied.

SIGNED January 12, 2016.

_____
JOHN McBRYDE
United States District Judge