U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

DEC 2 0 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2017

Lyle W. Cayce
Clerk

No. 16-10061
Summary Calendar

ANTHONY DESHAWN THOMAS,

Plaintiff-Appellant

v.

DOCTOR JOHN MILLS, Medical Director; D. PEYTON; TARRANT COUNTY
HOSPITAL DISTRICT,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-9 —A

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Anthony Deshawn Thomas, Texas prisoner # 1864213, proceeding pro se
and in forma pauperis, appeals the district court's judgment on remand
granting the defendants' motion for summary judgment and dismissing his
42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies.
Thomas has filed a motion for the appointment of counsel, a motion to amend

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Case 4:14-cv-00009-A  Document 86  Filed 12/20/17  Page 2 of 3  PageID 812

No. 16-10061

the caption to reflect that he brought suit against the defendants in their official and individual capacities, and a motion requesting that this court take judicial notice of certain evidence.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007), and this court takes a strict approach to the exhaustion requirement, *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016).

The crux of Thomas's argument on appeal is there exists a genuine issue of material fact regarding whether his alleged failure to exhaust his administrative remedies was the fault of the defendants and others at the Tarrant County Jail. His argument is refuted by competent summary judgment evidence showing that he failed to properly exhaust his available remedies, *see Cowart*, 837 F.3d at 451, and is insufficient to show that summary judgment was improper, *see Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012). Even if the responses he received to his grievances created some confusion about the appropriate grievance procedure, Thomas was repeatedly advised, in writing, that he had 30 days to appeal to the Inmate Grievance Appeal Board and that the grievance appeals procedure was set forth in the inmate handbook, which the evidence shows he received and which was readily available in the confinement areas. Further, although Thomas has provided a handwritten letter entitled "Appeal Grievance / Letter," this document is presented for the first time on appeal. Although we review de novo the district court's decision to grant summary judgment, we

2

No. 16-10061

will not consider this evidence as it was "not presented to the district court for its consideration in ruling on the motion." *Grogan v. Kumar*, ___F.3d___, No. 15-60678, 2017 WL 4324977, at *3 (5th Cir. Sept. 29, 2017) (internal quotation marks and citations omitted).

Accordingly, the district court's judgment is AFFIRMED. Because the issue of exhaustion is not complex and Thomas has demonstrated that he is capable of adequately presenting his case, Thomas's motion for the appointment of counsel is DENIED. All other motions are also DENIED.